Dear Mr. Smithmier:
This opinion letter is in response to a question submitted by your predecessor asking:
 Is an ex-officio county recorder of deeds required by law to record unnotarized documents purporting to cancel a marriage license?
The powers and duties of an ex-officio county recorder of deeds are largely ministerial. See Attorney General Opinion No. 54, Long, November 28, 1938, a copy of which is enclosed. The recording of deeds and other instruments affecting the title to land is purely a system of legal institution, and not of common right or abstract justice. See Attorney General Opinion No. 83, Smith, April 21, 1939, a copy of which is enclosed.
In view of the foregoing, the power and duty of the recorder of deeds to record a document extends only to those documents of the type and in the form specifically prescribed by law. There is no provision within the Missouri statutes specifically providing for the recordation of a document purporting to cancel a marriage license. Thus, unless such a document can be determined to fall within some other statutory provision concerning the recording of a class of documents, the county recorder of deeds may not accept such a document for recording. Statutes to be considered include:
Section 59.330, RSMo 1986, which provides:
 59.330. What shall be recorded. — It shall be the duty of recorders to record:
 (1) All deeds, mortgages, conveyances, deeds of trust, bonds, covenants, defeasances, or other instruments of writing, of or concerning any lands and tenements, or goods and chattels, which shall be proved or acknowledged according to law, and authorized to be recorded in their offices; . . .
 (2) All papers and documents found in their respective offices, of and concerning lands and tenements, or goods and chattels, and which were received from the Spanish and French authorities at the change of government;
 (3) All marriage contracts and certificates of marriage;
 (4) All commissions and official bonds required by law to be recorded in their offices;
 (5) All written statements furnished to him for record, showing the sex and date of birth of any child or children, the name, business and residence of the father and maiden name of the mother of such child or children.
Section 451.150, RSMo Supp. 1988, which provides:
 451.150. Licenses to be recorded — fee. — The recorder shall record all marriage licenses issued in a well-bound book kept for that purpose, with the return thereon, for which he shall receive a fee of ten dollars to be paid for by the person obtaining the same.
Section 442.380, RSMo 1986, which provides:
 442.380. Instruments to be recorded. — Every instrument in writing that conveys any real estate, or whereby any real estate may be affected, in law or equity, proved or acknowledged and certified in the manner herein prescribed, shall be recorded in the office of the recorder of the county in which such real estate is situated.
In Attorney General Opinion No. 44, Blackwell, March 6, 1964, a copy of which is enclosed, it was decided that death certificates are eligible for recordation under Section59.330(1). The reasoning of that opinion, however, is not applicable to the document about which you are concerned.
Because of the absence of a statutory provision providing for the recording of a document such as that about which you are concerned, it is the opinion of this office that the ex-officio recorder of deeds is not required to record the document.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 54, Long, November 28, 1938 Opinion No. 83, Smith, April 21, 1939 Opinion No. 44, Blackwell, March 6, 1964